FARMER, J.
The issue in the case originating in the County Court for Broward County was whether two joint owners of a single condominium unit could each be elected to the Board of Directors of the Association where the Board has only three members. The County Court entered a declaratory judgment that the association could not prohibit multiple owners of a single unit from simultaneously serving on the board. The Court determined that a by-law barring such service conflicts with a Florida statute. The County Court thought the issue of “great public importance.”
As is our routine when we receive an appeal from an order certified by the County Court to involve an issue of great public importance, we asked the parties to file memoranda as to whether we should exercise our discretion to accept jurisdiction under rule 9.160. In their memoran-da both parties thought we should do so. Accordingly a panel of this Court whose task was not to address the ultimate merits entered an order accepting jurisdiction. The parties were directed to proceed with briefing on the merits, which we have since received. Upon study and review of all briefs, memoranda, and the record in this case, we conclude that our order accepting review was improvidently entered.
The question litigated is whether a condominium association by-law barring more than one owner of a single unit from being elected to and serving on the Association Board of Directors at one time conflicts with a statute providing that any unit owner “desiring to be a candidate for [the board] shall comply with” the statute’s notice of candidacy provisions. § 718.112(2)(d), Fla. Stat. (2007). Both parties argue that this is an issue of statutory construction and is of “great importance” because of the large number of Florida residents in condominiums and the absence of an appellate court decision on the matter. We do not agree. This case does not involve an issue of great public importance.
There are any number of statutes in Florida lacking construction by a District Court affecting large numbers of citizens. This rationale for satisfying the jurisdictional requirement of “great public importance” threatens to divert all such issues *960 when raised in the County Court to review in the District Courts of Appeal. The consequences of such a construction would be to bypass review in the Circuit Courts as designated by statute.
Construction of statutes is one of the most common features of judicial decision-making in all Florida state courts. Some statutes admittedly touch few people. In this case, for example, how large can the set of joint owners who would together seek election to an Association Board possibly be? With the Florida Statutes growing every year, the number of statutes affecting significantly sized classes of residents must be considerable. How large should the group of affected persons be? For that matter, how important should the statutory effect be? Is any effect of a statute enough? These very questions suggest the weakness of the rationale.
If the Florida Constitution and Statutes intended for most, if not all, statutory construction to end up in the District Courts, they would certainly have said so. They have not done so. Instead they have made the Circuit Courts the reviewing courts for decisions of the County Courts. This stands as a potent refutation of the arguments of the parties for our discretionary review of such an ordinary question of statutory construction.
Accordingly, we vacate our order of November 13, 2007, and transfer this case to the Circuit Court for the Seventeenth Judicial Circuit for a decision on this appeal.
POLEN and HAZOURI, JJ., concur.